**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CORNELL GOODMAN,** | : | **CIVIL ACTION** |
| **Petitioner** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **TROY LEVI et al.,** | : | |
| **Respondents** | : | **NO. 07-4838** |

**MEMORANDUM  AND  ORDER**

PRATTER, J.                                                     NOVEMBER 28, 2007

Cornell Goodman, who is currently in federal custody awaiting trial on various charges of violating federal law, has filed a petition in this Court seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 (Docket No. 1).  As described below, Mr. Goodman has sought to avail himself of certain arguments that are wholly without merit.  None of his post-conviction claims discussed here pertain to his own individual situation.  Rather, he has borrowed "boiler plate" materials that, but for the frequency with which they have recently been appearing on the federal court dockets, would not warrant substantive discussion.  Hence, this Memorandum.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2241-2266, confirms the right of all persons in state or federal custody to file a petition in a federal court seeking the issuance of a writ of habeas corpus.  If a writ of habeas corpus is issued by a federal court, the prisoner will be released from custody on the grounds that his rights guaranteed by the United States Constitution have been violated.  Habeas corpus motions pursuant to AEDPA are the only means of obtaining this particular type of relief.  Benchoff v. Colleran, 404 F.3d 812 (3d Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3d Cir. 2001).

Mr. Goodman's petition raised one claim that he contended justified habeas corpus relief, namely, that Public Law No. 80-772, the law that bestowed jurisdiction over violations of federal crimes on the federal district courts, was allegedly not enacted in a constitutional manner.  Thus, Mr. Goodman claims that the rights guaranteed to him by the Fifth Amendment to the United States Constitution have been violated, and he claims that he should not be held in custody.

The claim Mr. Felipe raises is meritless and will be dismissed with prejudice.

Federal courts are courts of limited jurisdiction, and Congress has conferred criminal jurisdiction upon federal district courts by means of 18 U.S.C. § 3231, which states in its entirety:

> The district courts of the United States shall have original
> jurisdiction, exclusive of the courts of the States, of all offenses
> against the laws of the Untied States.  Nothing in this title shall
> be held to take away or impair the jurisdiction of the courts of
> the several States under the laws thereof.

This jurisdictional pronouncement was enacted into law by Congress on June 25, 1948 in Public Law Number 80-772.  The provision has never been amended.  It remains in the exact same form that it was enacted almost 59 years ago.  In recent months, however,  many habeas corpus petitioners in this court, as well as in a number of federal courts throughout the country, have filed petitions arguing that there was allegedly a sine die recess in Congress between the adoption of Public Law Number 80-772 by the House of Representatives and its adoption by the Senate, in violation of the United States Constitution. This is the argument that Mr. Goodman has made in the instant petition.  The argument posits that the Speaker of the House and the President of the Senate allegedly met in one of their private offices during this alleged recess and signed Public Law Number 80-772 into law without approval from their respective bodies. From

a review of other cases in which this basic argument appears, there are also variations on this scenario to the effect that the versions of Public Law Number 80-772 adopted by the Senate and the House of Representatives were allegedly not completely identical, and that, therefore, the statute was enacted in an unconstitutional manner. From a review of the pertinent case law, there appear to be even other additional variations on this argument, including stating that Congress's record-keeping concerning the events of June 25, 1948 was allegedly unclear and confusing. Petitioners such as Mr. Goodman theorize (and, hence, allege) that something deceptive happened in Congress that day. Accordingly, Mr. Goodman (like a host of other habeas petitioners) argues that Public Law 80-772 was not enacted in a constitutional manner and, as a result, he may not be held by federal authorities.

These allegations are without a shred of validity. There was no sine die recess between the votes of the House and Senate; rather, there was an inter-session adjournment between these events. See United States v. Martinez, CR. No. C-04-157, C.A. No. C-05-423, 2006 WL 1293261, at *5 (S.D. Tex. May 6, 2006). The House of Representatives passed Public Law 80-772 in the first session of the 80th Congress, while the Senate passed Public Law 80-772 during the second session of that Congress. Id. This recess, however, was an inter-session, not a sine die, recess. Id. Bills passed by one house before an inter-session recess and by the other house after the recess are properly passed by Congress. Id.; Delreth v. United States, CR. No. L-03-1745-6, C.A. No. L-05-205, 2006 WL 1804618, at *3-4 (S.D. Tex. June 27, 2006). Thus, Public Law 80-772 was passed by both houses before a sine die recess was called and, therefore, was properly enacted. Id.; see also Lister v. United States, Nos. 3:06-CV-1355-N, 3:03-CR-374-N, 2006 WL 3751324, at *1-2 (N.D. Tex. Dec. 20, 2006); United States v. Risquet,

3

426 F.Supp. 2d 310, 311-12 (E.D. Pa. 2006); Cullum v. Fox , C.A. No. 1:06-cv-3092006, WL 3691170, at *1-2 (E.D. Tex. Dec. 11, 2006); United States v. Lawrence, No. 02-CR-200, 2006 WL 250702, at *1 (N.D. Ill. Jan. 27, 2006).

The United States District Court for the Eastern District of Kentucky has traced the genesis of this "recess" story to a letter written by a Congressional clerk on June 28, 2000.  That court did not discuss the context of the letter, except to say that it described an allegedly unusual pattern of Congressional adjournments in June 1948.  It seems that somehow this letter led to the "recess" rumor, which subsequently has spread unchecked among prisoners and jailhouse lawyers throughout the country.  See Mullican v. Stine, No. 07-CV-129-KKC,  2007 WL 1193534 (E.D. Ky. Apr. 23, 2007); Campbell v. Gonzalez, No. 07-CV-36-GFVT, 2007 WL1035021 (E.D. Ky. Mar. 29, 2007); Goncalves v. Gonzalez, No. 06-CV-275-GFVT, 2007 WL 628142 (E.D. Ky. Feb. 26, 2007).[1]

This erroneous "recess" scenario has also been addressed in this District.  See United States v. Risquet, 426 F.Supp. 2d 310 (E.D. Pa. 2006).  In Risquet, the court held that even if these allegations concerning the events of June 25, 1948 were true (which the Risquet court concluded they were not), that would merely mean that the predecessor to 18 U.S.C. § 3231 was still in effect, which predecessor statute granted the same jurisdiction upon federal district courts.

---

[1] The District Court for the Eastern District of Kentucky also held that because these allegations are constitutional in nature, and attack the imposition of a sentence, they must first be brought pursuant to 28 U.S.C § 2255 because a writ of habeas corpus may issue under § 2241 only if it appears that remedy by § 2255 motion is inadequate or ineffective.  Mullican, 2007 WL 1193534, at *4; Campbell, 2007 WL 1035021, at *4; Goncalves, 2007 WL 628142, at *4. Accord, Jones v. Unknown Warden, No. 4:06-CV-193-CDP, 2006 WL 1459841, at *2 (E.D. Mo. May 23, 2006); Martinez v. Gonzalez, No. 8:02-CR-19-T-27EAJ, 2006 WL 2982856, at *2 (M.D. Fla. Oct. 18, 2006).  As § 2255 cases, they are subject to the one-year statute of limitations contained in 28 U.S.C. § 2255 itself.  Jones, 2006 WL 1459841, at *2.

Risquet, 426 F.Supp. at 311-12.  Accord United States v. Lawrence, No. 02-CR-200, 2006 WL 250702, at *1 (N.D. Ill. Jan. 27, 2006).

As a result of the foregoing, the Court again concludes that Risquet, and all of the analyses set out in the cases from the other eight federal district courts, reached the correct conclusion that this mythical story concerning the irregular adoption of Public Law Number 80-772 is utterly baseless.

Accordingly, this 28th day of November, 2007, is it hereby **ORDERED** that Mr. Goodman's Petition is **DISMISSED WITH PREJUDICE**.  There is no probable cause to issue a certificate of appealability.[2]  **IT IS FURTHER ORDERED** that the Clerk of Court shall mark this case **CLOSED** for all purposes, including statistics.

BY THE COURT:


S/Gene E.K. Pratter
Gene E.K. Pratter
United States District Judge

---

[2] A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Mr. Goodman must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484, 146 L. Ed. 2d 542, 120 S. Ct. 1595 (2000); Lambert v. Blackwell, 387 F.3d 210, 230 (3d Cir. 2004).  Because the Court finds that Mr. Goodman's claims lack merit, the Court finds that he has not satisfied this burden.  Therefore, there is no probable cause to issue a certificate of appealability.